GEORGE ROLLER *v.* JOHN ROLLER.

·CIRCUIT COURT. *Change of venue. Held,* that the following order, directing a change of venue, is insufficient, and that the cause was not thereby transferred so as to give the court to which it was transferred jurisdiction: "For satisfactory reasons shown to the court by affidavits filed, it is ordered by the court that the venue be changed," etc.

Case cited: Makly *v.* Pearce, 5 Heis., 418.

FROM SULLIVAN.

Appeal from the Circuit Court.    E. E. GILLEN-WATERS, Judge.

C. R. VANCE for plaintiff.

No counsel marked for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

John Roller sued George Roller in the Circuit Court of Sullivan county for $20,000 as damages for representing him to be a "union man" and a "Lincolnite," and inducing and procuring rebel soldiers to hunt him down, etc., whereby he was forced to seek protection within the Federal lines, and in consequence thereof suffered great wrong and injuries, for which he claims $20,000.    The defendant plead the general issue.

This cause went backward and forward five or six times from Sullivan to Carter, and from Carter to Sullivan, by change of venue, and finally, by the same

process, found its way to Washington county, where it was tried, and a judgment rendered for Jno. Roller against George Roller, or rather the representative of one against the representative of the other, both having died, for $7,000. George Roller's administrator has appealed in error to this court.

The first objection taken to the judgment is, that the venue was never legally changed from Sullivan to Carter, or from Carter to Washington county, and therefore that the judgment is a nullity for want of jurisdiction.

The suit commenced on the 17th of August, 1865. The declaration was filed at the November Term, 1875, and issue joined.

At the July Term, 1866, is this entry: "For good and sufficient reasons shown to the court by the affidavits of the plaintiff in this case, the venue is changed from this to Carter county, and the clerk is ordered to transmit, etc." This order was clearly insufficient to carry the case to Carter county; but it went, and at the March term, 1868, upon application of George Roller, defendant, the cause was sent back to Sullivan county for trial.

At the March term, 1870, on motion of the plaintiff, John Roller's executor, "and for satisfactory reasons shown by affidavits filed in this case, it is ordered by the court that the venue be changed from this to the Circuit Court of Carter county, and the clerk will certify," etc.

At the same term, March, 1870, George Roller's executor took a bill of exceptions to the action of

the court in changing the venue to Carter county. In this bill of exceptions it is recited that the plaintiff filed his affidavit setting forth that owing to the prejudice existing against the plaintiff and his cause, he verily believes he cannot have a fair and impartial trial in said county of Sullivan, etc. He also produced the affidavits of five citizens of Sullivan county, stating that they are disinterested in said case, are loyal to the government, and were so during the rebellion, and that they believe the statements in plaintiff's affidavit to be true."

At the July term, 1870, of the Carter Circuit Court, on motion of George Roller's defendant, and upon satisfactory affidavits, the case was sent back to Sullivan county. The cause then remained in Sullivan county until March term, 1872, when, "on motion of plaintiff (John Roller), and for satisfactory reasons shown by affidavits filed in this case, it is ordered that the venue be changed to the Circuit Court of Carter county, and the clerk will certify," etc.

No affidavits are on file, and no bill of exceptions was taken to the action of the court by the defendant; but it appears that he had taken one bill of exceptions upon a similar order, changing the venue to the same county. It appears further that at the first term after the cause was sent to Carter county, to-wit, at July term, 1872, defendant appeared and moved to transfer the case by change of venue to Washington county, which was done.

It is only necessary to look to the last order changing the venue from Sullivan to Carter county,

as the question of jurisdiction in the Circuit Court of Carter must depend upon the validity of that order. It appears that the venue was asked for by the plaintiff, and " for satisfactory reasons shown to the court by affidavits filed, it is ordered by the court that the venue be changed," etc. This is the entire order. It does not appear that the defendant or his counsel was present, nor does it appear upon whose affidavits the order was made, nor what was contained in the affidavits, and no affidavits are on file. It is clear, upon the unreported case of *Kaylor* v. *Holt,* decided at September term, 1871, and the case of *Makly* v. *Pearce,* 5 Heis., 418; that this order is insufficient to transfer the cause, and that the same was a nullity, unless the defendant is to be presumed to have waived objection to the proceeding. But it does not appear that he was present by himself or counsel. It does appear that he had objected when a similar order was made at a previous term, and that he had procured the cause to be sent back to Sullivan county. It appears, also, that he appeared at the first term in Carter county, after the change in venue to that court, and objected to trial in that county, and procured a transfer of the case to Washington county. These circumstances rebut any presumption of waiver of his right to have the cause tried in Sullivan county, and of any acquiescence in the order changing the venue to Carter. His motion to transfer the cause to Washington indicates his aversion to a trial in Carter, and to avoid this, his preference for Washington county,

but this was evidently done under the conviction that he had either to submit to a trial in Carter or Washington, and cannot be regarded, under the circumstances, as a waiver of his right to a trial in Sullivan.

We are, therefore, of opinion that the order changing the venue from Sullivan to Carter, and from Carter to Washington, were illegal and void, and the judgment is reversed and the cause remanded to Sullivan county for trial.